[NOTE. For what appears to be the trial of this case, see the next following case, No. 2,524.]

# Case No. 2,524.

## CATLIN v. UNDERHILL.

[4 McLean, 337.]¹

Circuit Court, D. Indiana. May Term, 1848.

SURVIVORSHIP — ADJUSTMENT WITH EXECUTOR OF JOINT CREDITOR.

1. Where a debt is due to two individuals, both of whom die before the amount was adjusted, and the settlement was made after the death of both, with the executor of one, and two notes were given to him for the balance, it may be recovered in his name.

2. The doctrine of survivorship, does not apply to a single transaction of this character.

¹ [Reported by the Hon. John McLean, Circuit Justice.]

3. It is not doubted, however, that had only one of the parties died, the survivor might have sustained his action for the amount due.

[At law. Action by the executor of Lynde Catlin upon promissory notes.

[For disposition of a question as to the admissibility of certain evidence, which apparently arose in this case, see the next preceding case, No. 2,523.]

Mr. O'Neal, for plaintiff.
Mr. Yandes, for defendant.

OPINION OF THE COURT. This action is brought on two notes, each for two hundred and eighty dollars, thirty-five cents, dated 29th September, 1843, one payable in one year, and the other in two years, with interest. The case was submitted to the court on the following facts: Elijah Farris and Lynde Catlin, loaned the defendant one thousand dollars. This was before Catlin's death, who died in 1833, and the plaintiff was appointed his executor. Elijah Farris died in 1842, and Charleston Farris was made his executor. Payments had been made on the loan, but the account was not closed until 1843, when the above notes were executed. Both of the principals being dead, the adjustment was made with the executor of Lynde Catlin. The notes were given for the balance due, and two notes were given that one might be handed to the estate of Elijah Farris. As both notes were given payable to the executor of Catlin, he refused to deliver one of the notes to Charleston Farris' demand, on the alleged ground that the estate of Farris had received its full share of the loan.

This is not the case of an ordinary copartnership. It was a loan made jointly to the defendant by Catlin and Farris. It was a single transaction, and no presumption of debts can arise, as in a case of ordinary copartnership, where the survivor is held responsible. From the nature of the transaction, it is impossible that the doctrine of survivorship can apply. No debts were contracted by the parties, jointly or separately, in making the loan. The reason, therefore, which applies to a partnership, can have no application to this joint contract. In making the adjustment, therefore, with the executor of Catlin, no principle was violated nor was any interest or policy disregarded. In [Wallace v. Fitzsimmons] 1 Dall. [1 U. S.] 248, it is said, that a payment to an executor or administrator can be no satisfaction to a surviving partner, who has the sole right of suing for and of receiving the money due to the company. The law makes the surviving partner liable for the joint debts, consequently he has the exclusive control over the partnership effects; and every action founded on a joint transaction, must be brought in his name. It is therefore contended that this action can not be maintained. At the time the balance due was

ascertained, and the notes were given, both of the principals were dead. That there was fraud · or unfairness in the act of adjustment, is not pretended. Two notes were given that each executor might have one half of the balance, but as both notes were payable to the executor of Catlin, and suit became necessary, it would seem to be better that the notes should be payable to one executor, so that one suit only would be necessary. The executor of Catlin will be responsible to the other, should it be found that he did not receive his share of the loan.

Where a promise is made to pay two persons, and one of them dies, there can be no doubt that the survivor may maintain an action on the promise. And it is proper that the action should be in his name. But when both principals are dead, and there can be no liability growing out of the transaction, and notes have been given to the executor of the individual who first died, we think the action may be maintained in his name, because the reason on which the rights and responsibilities of a surviving partner do not apply. In such a case, it is unnecessary to inquire which of the individuals died first. Judgment for plaintiff.